IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSSUE FRANCISCO RIVERA MORENO, | * | |
| | * | |
| Petitioner, | * | |
| | * | Civ. No.: MJM-26-845 |
| v. | * | |
| | * | |
| WARDEN BALTIMORE ICE DETENTION, *et al.*, | * | |
| | * | |
| | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On March 5, 2026, the Court entered an Order directing Respondents[1] to provide a bond hearing for petitioner Jossue Francisco Rivera Moreno ("Petitioner") upon his motion and directing the parties to file a status report after the bond hearing was held. ECF No. 7. On March 24, 2026, Petitioner filed a status report confirming that a bond hearing was conducted before an Immigration Judge in Georgia, reporting that the Immigration Judge denied bond based upon a finding of flight risk, and requesting substantive relief from this Court. ECF No. 9. Specifically, the status report asks the Court "to enforce" its prior Order by directing Respondents "to provide new bond hearing" requiring the Immigration Court to "accept and meaningfully consider Petitioner's evidentiary submissions." *Id.* at 4. The Court construes Petitioner's status report as a motion to enforce the Court's prior Order. Respondents filed a response in opposition to the motion on April 1, 2026, ECF No. 14, and Petitioner filed a reply, ECF No. 15. No hearing is necessary to resolve the motion. *See* Loc. R. 105.6 (D. Md. 2025). For reasons explained herein, the motion is denied.

---

[1] Respondents are "Warden Baltimore ICE Detention," which the Court construes as the Baltimore Field Office of U.S. Immigration and Customs Enforcement ("ICE"); the Acting Director of ICE; the Attorney General of the United States; and the Secretary of Homeland Security.

## I.      Background

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 28, 2026. ECF No. 1 (the "Petition"). Petitioner alleges that (1) he is a citizen of El Salvador who has been present in the United States without inspection approximately since 2012; and (2) on February 28, 2026, Petitioner was detained by ICE agents in Jessup, Maryland and transferred to Baltimore, Maryland, where he remained in the custody at the time his petition was filed. *Id.* at 3, 5. The Petition asserts that Petitioner's detention by ICE violates 8 U.S.C. § 1226 and the Due Process Clause of the Fifth Amendment. *Id.* at 6–7. In its prayer for relief, the Petition seeks Petitioner's release from custody or, alternatively, a bond hearing, among other forms of relief. *Id.* at 7.

On March 4, 2026, the parties filed a joint notice stipulating, in part, that

> the factual and legal arguments in this case regarding the question of which statute governs Petitioner's detention (8 U.S.C. § 1225 or 8 U.S.C. § 1226), have been fully briefed by Respondents and do not differ in any material fashion from the Respondents' arguments regarding jurisdiction and statutory construction raised in their briefs in *Velasquez v. Noem,* No. GLR-25-cv-3215, 2025 WL 3003684 (D. Md. Oct. 27, 2025); *Villanueva Funes v. Noem*, No. TDC-25-cv-3860, 2026 WL 92860 (D. Md. Jan. 13, 2026) and *Leal-Hernandez v. Noem*, No. JRR-25-cv-02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025).

ECF No. 6 at 1.

In consideration of the parties' joint notice and status report, this Court entered an Order on March 5, 2026, granting the Petition in part; finding that "Petitioner is detained pursuant to 8 U.S.C. § 1226(a)" and "entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), with a meaningful consideration of the applicable, relevant factors by the Immigration Judge;" "enjoin[ing] [Respondents] from detaining Petitioner under 8 U.S.C. §

1226(b);" and directing that a bond hearing "be held within 10 days of the Petitioner's filing of a motion with the Immigration Court[.]" ECF No. 7.

On March 10, 2026, Petitioner's counsel filed a motion for a custody redetermination with the Immigration Court, formally seeking a bond hearing, with more than 300 pages of documentary evidence in support of Petitioner's request for bond. ECF Nos 9-5 & 9-7. The documentary evidence included more than 20 letters from the community in support of Petitioner's release, tax records, vehicle registration records, identification documents, and photos of Petitioner with his family. ECF No. 9-5. On March 16 and 17, Petitioner's counsel attempted to submit additional documentary evidence for the Immigration Judge's consideration, but the Immigration Court rejected the supplemental submission, citing filing errors. ECF Nos. 9-1 & 9-7. The supplemental submission consisted of a one-page cover memorandum by Petitioner's counsel, a letter from Petitioner's fiancé less than two pages in length, and four photos of the couple. ECF No. 9-3. The Immigration Court conducted a bond hearing on March 17, and, on the same date, the Immigration Judge issued an order denying any change in custody status based upon a finding of flight risk. ECF No. 9-4.

Petitioner filed a status report in this matter on March 24, 2026, stating the result of the bond hearing and requesting that this Court order Respondents to provide Petitioner a "new bond hearing"—essentially, a re-do—while mandating that the Immigration Court "accept and meaningfully consider Petitioner's evidentiary submissions." ECF No. 9. As noted *supra*, the Court construes the status report as a motion to enforce the Order of March 5. Respondents filed a response in opposition to the motion, ECF No. 14, and Petitioner filed a reply, ECF No. 15.

## II.   Discussion

Petitioner's motion is denied because Petitioner fails to demonstrate that the bond hearing he received violated this Court's prior Order, and the Court lacks jurisdiction under 8 U.S.C. § 1226(e) to set aside the Immigration Judge's decision to deny bond.

The Court's prior Order found that Petitioner was "entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), with a meaningful consideration of the applicable, relevant factors by the Immigration Judge;" and directed Respondents to give Petitioner a bond hearing upon motion. ECF No. 7. Petitioner filed a motion with the Immigration Court on March 10, 2026, and received a bond hearing the following week. In his motion to enforce, Petitioner does not allege that his bond hearing fell short of any requirement in 8 C.F.R. §§ 236.1(d), 1003.19, or 1236.1(d), or any requirement of due process. The record in this case establishes that Petitioner was provided "the fundamental features of due process—notice and an opportunity to be heard." *Miranda v. Garland*, 34 F.4th 338, 362 (4th Cir. 2022). Section 236.1(d)(1) authorizes the Immigration Judge "to exercise the authority in [8 U.S.C. § 1226] to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter." 8 C.F.R. § 236.1(d)(1). Section 1003.19 provides that the Immigration Judge's determination "as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d). That determination "shall be entered on the appropriate form at the time such decision is made and the parties shall be informed orally or in writing of the reasons for the decision[,]" and may be appealed to the Board of Immigration Appeals. 8 C.F.R. § 1003.19(f); *see also* 8 C.F.R. § 236.1(d)(3).

Petitioner has identified no constitutional or regulatory defect in the bond determination rendered by the Immigration Judge in his case.

Instead, Petitioner complains that the Immigration Court rejected approximately seven out of more than 300 pages of documentary evidence he attempted to present for the Immigration Judge's consideration in advance of and during the bond hearing. On that basis alone, he seeks an order from this Court setting aside the bond decision and requiring a re-do. Petitioner fails to establish any violation of the Court's prior Order. The Order did not require the Immigration Judge to accept and consider any and all evidence Petitioner might seek to present in support of his request for bond. The regulations cited in the Order do not prescribe such a requirement; nor does the Due Process Clause. Petitioner has not demonstrated that the Immigration Judge failed to consider any among the more than 300 pages of documents he submitted in advance of the bond hearing or any additional evidence or testimony presented at the hearing. His argument that Respondents fail to show that the Immigration Judge "actually reviewed" Petitioner's evidence has it exactly backward. ECF No. 15 at 2. Petitioner bears the burden of proving that this Court's Order was violated, and he fails to meet that burden.

Moreover, as a practical matter, Petitioner offers no reason to believe that the outcome of his bond hearing would have been any different had the Immigration Court accepted his supplemental submission—i.e., one more letter of support, in addition to the twenty-plus letters it did accept, and four more photos, in addition to the eight pages of photos it accepted. Ordering a new bond hearing would serve no apparent practical purpose.

Most importantly, however, this Court lacks jurisdiction to grant the relief Petitioner now seeks. As argued in Respondents' opposition, ECF No. 14, this Court is precluded by statute from setting aside the Immigration Court's bond determination. Title 8, United States Code,

5

Section 1226(e) plainly states: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." This provision does not deprive federal district courts of jurisdiction to hear challenges to "the statutory framework that permits his detention without bail[,]" *Demore v. Kim*, 538 U.S. 510, 517 (2003), but it does "forbid review of the Attorney General's actions and decisions in individual proceedings[,]" *Miranda v. Garland*, 34 F.4th 338, 353 (4th Cir. 2022). Here, Petitioner does not challenge the statutory and regulatory framework governing the process through which the Immigration Judge denied him bond. He asks this Court to set aside the Immigration Judge's order denying bond in his particular case and to order the Immigration Court to do it over. ECF No. 9. An order from this Court "set[ting] aside" the Immigration Judge's bond determination is specifically foreclosed by § 1226(e). Other judges of this Court have come to the same conclusion. *See Chavez de Vasquez v. Baker*, Civ. No. SAG-25-3657, 2025 WL 3713773 (D. Md. Dec. 23, 2025); *Flores Hernandez v. Noem*, Civ. No. JRR-26-423 (Feb. 24, 2026); *Santos Garcia v. Baker*, Civ. No. GLR-26-616 (D. Md. Mar. 9, 2026).

Petitioner attaches an affidavit from a former Immigration Judge describing the affiant's assessment of systemic issues within the Immigration Court system. ECF No. 9-6. The affiant appears to have a wealth of experience in immigration litigation, but he had no involvement in Petitioner's bond hearing. The affidavit expresses general concerns about an increased number in terminations of Immigration Judges as well as a perceived increase in the bond denials and "adverse case outcomes" that, in the affiant's opinion, call into question the sufficiency of process provided to respondent noncitizens in the Immigration Courts. *Id.* The affiant's observations are troubling, and I respect his opinion. But, ultimately, his views have no bearing on whether

Petitioner received a bond hearing that meets the requirements of due process and applicable regulations. And Petitioner has offered no evidence that his bond hearing did not meet these requirements.

### III.   Order

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The substantive relief requested in Petitioner's status report (ECF No. 9), construed as a motion to enforce the Court's prior Order of March 5, 2026, (ECF No. 7) is DENIED;

2. The Petition is DISMISSED;

3. The Clerk SHALL CLOSE this case.

It is so ORDERED this __13th__ day of April, 2026.

_____

Matthew J. Maddox
United States District Judge